IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWIN WILLIAM WEICHERS,                          1:13-CV-01574-BR

          Plaintiff,                             OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

          Defendant.


**MARELENE YESQUEN**
Black, Chapman, Webber & Stevens
221 Stewart Avenue, Suite 209
Medford, OR 97501
(541) 772-7430

          Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**COURTNEY GARCIA**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2934

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Edwin William Weichers seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

     Plaintiff filed his application for DIB on May 5, 2009, and alleged a disability onset date of February 12, 2008.  Tr. 154.[1] The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 12, 2012.  Tr. 57-90.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

-------------------------------------------------

    [1] Citations to the official transcript of record filed by the Commissioner on January 30, 2012, are referred to as "Tr."

2 - OPINION AND ORDER

The ALJ issued a decision on January 27, 2012, in which he found Plaintiff was not disabled because he failed to establish the existence of a severe impairment before his date last insured of December 31, 2008.  Tr. 15.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on July 9, 2013, when the Appeals Council denied Plaintiff's subsequent request for review.  Tr. 1-5.

On September 6, 2013, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born in July 1961 and was 46 years old on his alleged onset date.  He completed the eighth grade.  Tr. 161. Plaintiff has past relevant work experience as an owner of a furniture and automotive upholstery business.  Tr. 62-63.

Plaintiff alleges disability due to "lower back injury, left foot injury, neck pain, feet pain, daily headaches, hand cramps (stiffness).  My back injury was in 1992 and I have never been the same since.  I am only able to get around three hours of sleep at night due to my lower back pain.  The pain radiates down my leg.  I cannot put full pressure on my left side due to unbearable pain and discomfort."  Tr. 154.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).


<u>**DISABILITY ANALYSIS**</u>

**I.    The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

5 - OPINION AND ORDER

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

6 - OPINION AND ORDER

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his February 12, 2008, onset date.  Tr. 11.

At Step Two the ALJ found no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through December 31, 2008, Plaintiff's date last insured.  *Id.*

## MEDICAL EVIDENCE AND TESTIMONY

Plaintiff injured his back moving plywood at work in June

1992.  Tr. 345.  A July 9, 1992, MRI of the lumbosacral spine
showed mild disc protrusion without herniation at L4-5.  Tr. 377.
The vertebral bodies were normal in height, anatomic alignment,
and signal.  Tr. 377.  On September 17, 1992, treating physician
Bruce M. Perry, M.D., noted Plaintiff was 40-50% improved with
continued aching soreness related to twisting and bending.
Tr. 356.  Dr. Perry released Plaintiff to return to light duty
with a 20-pound lifting limit and prescribed a back
rehabilitation program.

On October 7, 1992, Plaintiff saw Yung K. Kho, M.D., for a
neurological consultation.  Tr. 345-48.  Plaintiff described
"aching in the lower back with some burning discomfort, as well
as pins and needles."  Tr. 346.  Dr. Kho's diagnostic impression
was lumbar sprain with moderately severe lumbar myofascial
trigger point at the right superior gluteus and components of
mechanical low-back pain.  Tr. 347.  Dr. Kho prescribed Doxepin
for sleep and increased Naprosyn to three 500 mg per day.
Tr. 348.  Plaintiff was instructed to continue physical therapy
for a month.  Dr. Kho concluded Plaintiff was not stationary and
was unable to return to work.  Tr. 348.

Unsigned physical-therapy notes dated October 14, 1992,
reflect "Pt reports radiating leg pain is essentially gone."
Tr. 342.  On October 22, 1992, Dr. Perry reported Plaintiff had
not improved from trigger-point injections and opined he was

"not stationary and not currently employable." Tr. 337. On
October 26, 1992, Dr. Kho noted Plaintiff's trigger points were
less active, Plaintiff was continuing physical therapy, and
Plaintiff was not stationary or unable to work. Tr. 336.

On November 2, 1992, Dr. Kho gave Plaintiff an epidural
injection. Tr. 335. One week later Dr. Kho noted Plaintiff's
radiating pain had subsided. Dr. Kho's impression was Plaintiff
had chronic mechanical low-back pain due to myofascial components
with a bulging disc at L4-5. Tr. 332. Dr. Kho referred
Plaintiff to a work-hardening program with a weight-lift
restriction to 30 pounds and noted "there is no evidence of a
neurological deficit." Tr. 332.

On November 23, 1992, Dr. Kho repeated the epidural
injection and ordered Plaintiff not to return to work for three
weeks. Tr. 308-09. On November 30, 1992, Dr. Kho recommended
Plaintiff walk every other day and stay off from work for one
month while undergoing work-hardening. Tr. 305. Dr. Kho's
impression was mechanical low-back pain with chemical radiculitis
to be followed up in several months.

The record does not reflect any further medical treatment
until May 22, 2009, when Plaintiff returned to Dr. Perry and
reported his back pain was slowly worsening. Tr. 154. As noted,
Plaintiff's last date insured was December 31, 2008.

Plaintiff testified he ran his own automobile upholstery

9 - OPINION AND ORDER

shop from 1994 to February 2008.  Tr. 62-63.  He testified he
sold the business because he could no longer perform the work.
Tr. 69, 82.  Plaintiff testified he did not seek medical
treatment between 1993 and 2009 due to lack of insurance.
Tr. 12.


## DISCUSSION

Plaintiff contends the ALJ erred by finding (1) finding at
Step Two that Plaintiff did not have any medically determinable
impairments during the period at issue (February 12, 2008,
through December 31, 2008) and improperly rejecting the opinion
of Plaintiff's treating physician Yung Kho, M.D. and (2) finding
Plaintiff less than fully credible.

**I.  Step Two and Rejection of Dr. Kho's Opinion**

At Step Two the ALJ determines whether the claimant has a
medically severe impairment or combination of impairments.  *Bowen
v. Yuckert,* 482 U.S. 137, 140-41 (1987).  The Social Security
Regulations and Rulings as well as the case law in which courts
apply the regulations and rulings, address the Step Two severity
determination in terms of what is "not severe."  According to the
regulations, "an impairment is not severe if it does not
significantly limit [the claimant's ] physical ability to do
basic work activities."  20 C.F.R. § 404.1521(a).  Basic work
activities are "abilities and aptitudes necessary to do most

jobs, including, for example, walking, standing, sitting,
lifting, pushing, pulling, reaching, carrying or handling."  20
C.F.R. § 404.1521(b).

The Step Two inquiry is a *de minimis* screening device to
dispose of groundless claims.  *Yuckert,* 482 US at 153-54.  An
impairment or combination of impairments can be found "not
severe" only if the evidence establishes a slight abnormality
that has "no more than a minimal effect on an individual's
ability to work."  *See* SSR 85-28.  *See also Yuckert v. Bowen,* 841
F.2d 303, 306 (9th Cir 1988)(adopting SSR 85-28).  A physical or
mental impairment must be established by medical evidence
consisting of signs, symptoms, and laboratory findings and cannot
be established on the basis of a claimant's symptoms alone.  20
C.F.R. § 404.1508.

At Step Two the claimant bears the burden to show the
existence of medically determinable impairments that have more
than a minimal effect on his ability to perform work-related
activities.  20 C.F.R. § 404.1520(a)(4)(ii).  *See also Tackett v.
Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999); *Hoopai v. Astrue,* 499
F.3d 1071, 1076 (9th Cir. 2007).  An impairment can only be
established "if the record includes signs-the results of
'medically acceptable clinical diagnostic techniques,' such as
tests-as well as symptoms, *i.e.,* [Plaintiff's] representations
regarding his impairment."  *Ukolov v. Barnhart,* 420 F.3d 1002,

1005 (9th Cir. 2005)(quoting SSR 96-4p available at 1996 WL 374187 at *1 n.2).   The existence of an impairment requires a diagnosis.   Symptoms alone are insufficient.   *Ukolov,* 420 F.3d at 1005-06.   Only acceptable medical sources may diagnose and establish that a medical impairment exists.   20 C.F.R. § 416.913(a).   *See also* SSR 06-03p available at 2006 WL 2329939, at *2.   "Thus, regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; *i.e.,* medical signs and laboratory findings."   SSR 96-4p, at *1.

**A.   Plaintiff failed to establish a severe back impairment.**

As noted, the only objective medical abnormality found before Plaintiff's date last insured was the July 9, 1992, MRI of the lumbosacral spine, which showed mild disc protrusion without herniation at L4-5.   Tr. 377.   The vertebral bodies were normal in height, anatomic alignment, and signal.   Tr. 377.   The only functional limitations the treating physicians identified related to the amount of weight that Plaintiff should attempt to lift.

Plaintiff contends Dr. Kho's December 2009 examination establishes Plaintiff had a severe back impairment during the relevant period of February 2008 to December 2008.   As the ALJ pointed out, however, Dr. Kho's conclusion after his December

12 - OPINION AND ORDER

2009 examination was that Plaintiff was normal.  Tr. 14, 263-65.
Dr. Kho recorded Plaintiff had normal reflexes, normal strength,
and intact sensation.  Tr. 14, 265.  Plaintiff's gait and station
were also normal, Plaintiff was able to stand without difficulty,
and his Romberg sign was negative.  Tr. 265.  Plaintiff was also
able to walk heel-to-toe without difficulty.  *Id.*  Plaintiff had
some pain upon posterior extension and over lower facets, but Dr.
Kho noted Plaintiff had normal spinal range of motion with normal
extension and normal lumbar flexion.  Tr. 265-66.  Dr. Kho also
found Plaintiff's extremities were normal, including grip
strength.  Tr. 14, 266.  Dr. Kho noted Plaintiff had a facet
sprain 15 years ago that responded well to injections and stated:
"[N]ow as [Plaintiff] is getting older he has developed some low
back pain again."  Tr. 14, 266.  Dr. Kho recommended repeat
Plaintiff have facet injections.

**B.  The record does not reflect any medical signs or
    laboratory findings to support a diagnosis of fibromyalgia.**

Plaintiff contends Dr. Kho diagnosed Plaintiff with
fibromyalgia, and, according to Plaintiff, it is a severe
impairment.  The record reflects Dr. Kho completed a Physical
Residual Functional Capacity Questionnaire on January 7, 2010,
in which he listed Plaintiff's sole diagnosis as fibromyalgia.
Tr. 15, 280.  Dr. Kho identified the clinical findings and
objective signs as "characteristic pain pattern for FM."  Tr. 15,

13 - OPINION AND ORDER

280.  Dr. Kho, however, indicated the earliest date Plaintiff's limitations from fibromyalgia occurred was "now."  Tr. 284.

Social Security Ruling 12-2p establishes the requirements for evaluating fibromyalgia.  SSR 12-2p available at 2012 WL 3104869.  A claimant cannot rely on a physician's diagnosis alone.  *Id.,* at *2.  There are two methods to establish a diagnosis:  In one the examination records must show a "history of widespread pain . . . in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axal skeletal pain . . . that has persisted for at least three months" and at least "11 positive tender points on physical examination. . . .  The positive tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist."  *Id*.  Social Security Ruling 12-2p describes the recognized fibromyalgia tender-point sites.  The records also must show evidence of exclusion of other disorders that could cause the symptoms or signs.  *Id*.

The second method of establishing a fibromyalgia diagnosis requires a history of widespread pain in all quadrants of the body as described above plus "repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome" and "evidence that other

disorders that could cause these repeated manifestations of symptoms . . . were excluded." *Id.*

In his December 16, 2009, examination Dr. Kho noted Plaintiff denied fatigue, difficulty concentrating, memory difficulties, or leg weakness. Tr. 264. Plaintiff's gait, station, and ranges of motion were normal. Tr. 263-66. Plaintiff did not report any pain other than in his back, and his extremity strength was normal. Tr. 264.

Although the ALJ noted Dr. Kho's opinion, he did not give it any weight. Tr. 16. The ALJ noted Dr. Kho assessed Plaintiff as having limitations that were not supported by his clinical notes, including limitations on Plaintiff's manipulative activities even though Dr. Kho's physical examination of Plaintiff did not include any evidence of upper-extremity or hand limitations. Finally, the ALJ noted the record does not reflect Dr. Kho treated Plaintiff after December 2009. Even so, in July 2011 Dr. Kho amended the applicable date of the onset of Plaintiff's limitations from "now" to "February 2008." Tr. 16, 285. The Court notes the ALJ may reject a physician's opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

On this record the Court concludes the ALJ did not err at Step Two because the ALJ provided legally sufficient reasons

15 - OPINION AND ORDER

supported by substantial evidence in the record for his
determination that Plaintiff failed to meet his burden to
establish a medically determinable impairment that caused more
than a minimal effect on his ability to perform work-related
activities.

## II.  **Plaintiff's Credibility**

The ALJ is responsible for determining credibility,
resolving conflicts in medical testimony, and for resolving
ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.
1995). *See also Vasquez v. Astrue,* 547 F.3d 1101, 1104 (9th Cir.
2008). The ALJ's findings, however, must be supported by
specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722
(9th Cir. 1998). *See also Holohan v. Massanari,* 246 F.3d 1195,
1202 (9th Cir. 2001). Unless there is affirmative evidence that
shows the claimant is malingering, the Commissioner's reason for
rejecting the claimant's testimony must be "clear and
convincing." *Id.* The ALJ must identify the testimony that is
not credible and the evidence that undermines the claimant's
complaints. *Id.* The evidence on which the ALJ relies must be
substantial. *Id.* at 724. *See also Holohan,* 246 F.3d at 1208.
General findings (*e.g.,* "record in general" indicates
improvement) are an insufficient basis to support an adverse
credibility determination. *Reddick,* 157 F.3d at 722. *See also
Holohan,* 246 F.3d at 1208. The ALJ must make a credibility

determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

When deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges
> disability based on subjective symptoms "must
> produce objective medical evidence of an under-
> lying impairment which could reasonably be
> expected to produce the pain or other symptoms
> alleged." *Bunnell,* 947 F.2d at 344 (quoting
> 42 U.S.C. § 423(d)(5)(A) (1988)); *Cotton,* 799
> F.2d at 1407-08. The *Cotton* test imposes only
> two requirements on the claimant: (1) she must
> produce objective medical evidence of an
> impairment or impairments; and (2) she must
> show that the impairment or combination of
> impairments *could reasonably be expected to*
> (not that it did in fact) produce some degree
> of symptom.

*Smolen,* 80 F.3d at 1282. *See also Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ found Plaintiff's statements as to the severity of his impairments less than fully credible. Tr. 15. The ALJ noted the gap in the medical record from 1992 to 2009 and Plaintiff's explanation that he lacked health insurance. The ALJ, however, noted it was unusual for a person experiencing debilitating pain

never to seek emergency care.  Tr. 15.  The ALJ also pointed to Plaintiff's daily activities, including helping his fiancé with her business, and the record reflected evidence of symptom magnification as noted by Dr. Perry.  Thus, the ALJ properly found Plaintiff's subjective complaints were inconsistent with the objective evidence and clinical findings and articulated clear and convincing reasons for finding Plaintiff's symptom testimony less than fully credible.

On this record the Court finds the ALJ did not err when he found Plaintiff's testimony was not credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 8th day of September, 2014.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER